IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES GLENN BARLOW,<br><br>               Petitioner,<br><br>   vs.<br><br>TAUESE VA'AOMALA SUNIA, et al.,<br><br>           Respondents. | CIVIL NO. 18-00423-JAO-KJM<br><br>**ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY** |

**ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

Petitioner James Glenn Barlow ("Petitioner") asks the Court to certify for appeal under 28 U.S.C. § 1292(b) its order granting Respondents' motion to dismiss, dismissing Respondents, and transferring the petition to the United States District Court for the District of Columbia. ECF Nos. 24, 25. Petitioner's motion is DENIED.

Petitioner has not demonstrated that the Court has jurisdiction to entertain the motion. "It is well- and long-established law that the docketing of a transferred case in an out-of[-]circuit transferee court terminates the jurisdiction of both the transferor court and the corresponding court of appeals." *Gustafson v. Williams*, No. 2:09-cv-01225-KJD-LRL, 2010 WL 4316750, at *2 & n.1 (D. Nev. Oct. 25,

2010) (citing *NBS Imaging Sys., Inc. v. U.S. Dist. Court for E. Dist. of Cal.*, 841

F.2d 297, 298 (9th Cir. 1988); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987))

(other citations omitted).  Because Petitioner filed the motion after the case was

transferred to and docketed in the District of Columbia,[1] the Court no longer has

jurisdiction over the case.  *See id.*; *see also Perlman v. Jackson Hewitt Inc.*, No.

CV-10-051-LRS, 2010 WL 3532681, at *1 (E.D. Wash. Sept. 10, 2010); *Adab v.*

*U.S. Citizenship & Immigration Servs.*, No. 2:14-cv-04597-CAS(AGRx), 2015 WL

1467180, at *4-5 (C.D. Cal. Mar. 23, 2015).

Even if it did have jurisdiction, the Court would deny the motion because

Petitioner has not demonstrated all three requirements under 28 U.S.C. § 1292(b),

including that the Court's discretion to transfer the petition constitutes a controlling

question of law, or that there exists a substantial ground for differing opinion on

the issue of the proper respondent for a habeas petition and the appropriateness of

applying a traditional personal jurisdiction analysis in the habeas context.  *See*

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("That settled law

might be applied differently does not establish a substantial ground for difference

of opinion." (citations omitted)).  Petitioner also fails to demonstrate that this case

---

[1]  The case was docketed in the District of Columbia on November 15, 2019.  *See*
*Barlow v. Sunia*, Civ. No. 19-3442 (D.D.C.), ECF No. 25 (Nov. 15, 2019).
Petitioner filed the present motion on November 25, 2019 (which is also nearly
two weeks after the Court issued its order).  ECF Nos. 24, 25.

presents the exceptional situation where allowing an interlocutory appeal will *avoid* protracted and expensive litigation.

The Court therefore DENIES Petitioner's Motion for Certificate of Appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 27, 2019.

Jill A. Otake
United States District Judge

Civil No. 18-00423-JAO-KJM, *Barlow v. Sunia, et al.*, ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

3